Davis, J.
The defendant in error was a passenger on a Franklin avenue street car, which *228 belonged to the plaintiff in error. Just before arriving at the corner of Pearl and Detroit streets he asked the conductor for a transfer to the St Clair street line, also owned by plaintiff in error, and received the same just as he was leaving the Franklin avenue car at the corner of Pearl and Detroit streets. It was 7:30 o ’clock in the evening in the month of December, 1900. By mistake the conductor gave to the defendant in error a transfer to the Woodland avenue line, also owned by plaintiff in error, instead of a transfer to the St. Clair street line. The defendant in error got on the St. Clair street car at the corner of Pearl and Detroit streets, as he had intended, and he claims that he did not know of the mistake in the transfer until the conductor on the St. Clair street car refused to accept the transfer and demanded payment of the fare, which the defendant in error refused to make. He was forcibly ejected from the car and brought this action to recover damages for the refusal to carry him and for ejecting him. Upon the trial of the case in the court of common pleas, the jury was instructed that if it should be found that the defendant did exercise the care in giving the transfer that it should have exercised under all the circumstances, and that the plaintiff did exercise the care that he should have exercised in receiving the transfer, and that the defendant had not been wrong in any other respect, then the verdict should be for five cents and no more; because, as was said to the jury, the only damage done to a passenger by giving him an improper transfer is to compel him to pay five cents for his subsequent transit and therefore that is the measure of his damage. The jury ■were also specifically instructed that when the *229 attention of this passenger was called to the fact that the transfer did not entitle him to ride on the St. Clair street line, it was his duty to pay, for his transit ; and that if he refused to pay, the company had a right to remove him from the car, using no more force than was necessary. The verdict was for the defendant company. Judgment was entered upon the verdict, which judgment was reversed by the circuit court for errors in charging the jury and in refusing to charge as requested bys plaintiff. This proceeding in error is prosecuted to reverse the judgment of the circuit court and to affirm the judgment of the court of common pleas.
It appears to have been the opinion of the court of common pleas that, because the conductor on the St. Clair street line was strictly within the line of his duty as between him and his employer, therefore the plaintiff has no cause of action against the employer for putting him off the car. The premise is palpably correct; and the conclusion is just as clearly incorrect.
This is not a controversy between the master and the servant; nor between the passenger and the conductor; nor yet between the carrier and the passenger solely in regard to the act of the carrier’s servants in ejecting the passenger from the car; but it is an action against the carrier for the wrongful and negligent act of giving the transfer, as the proximate cause of the resulting injury, which was the refusal to carry the plaintiff as he had the right to be carried and putting him off the car. Since the complaint is against the company itself, it can avail the defendant nothing to show that one of 'its servants obeyed a reasonable rule of the defendant *230 in putting the plaintiff off of the defendant’s car, when the defendant itself, through the agency of another servant, created the conditions which caused him to be put off. Qui facit per alium, facit per se. It is as though a single individual had first agreed to carry the plaintiff by the St. Clair street line and by mistake had given a ticket over the Woodland avenue line, and then, when he came to take up the ticket, taking advantage of his own mistake or wrong, refused to honor it and forcibly ejected the plaintiff. The defendant, plaintiff in error here, is the actor throughout this transaction; although it acted through different agencies in giving and refusing to accept the transfer, and ejecting the plaintiff. It is therefore not sound reasoning to argue that this company is not liable in tort for refusal to carry the plaintiff and ejecting him from the car, upon the theory that the conductor, who removed the passenger from the car under a rule of the company, is personally without blame in the matter. The common pleas court therefore erred when it instructed the jury that when the plaintiff was informed that the transfer did not entitle him to ride on that car, it was his duty to pay-fare and if he did not do so, the company had the right to remove him; and that if the company was guilty of no other wrong than giving the wrong transfer the plaintiff could recover five cents, the fare for one trip, and no more.
It would be unprofitable to review and discuss irreconcilable decisions in other jurisdictions. In every essential feature this case is controlled by the reasoning in P., C., C. & St. L. Ry. Co. v. Reynolds, 55 Ohio St., 370, which we see no reason to overrule or qualify.
*231 It is conceded, however, that, in order to recover, the plaintiff must be without, fault in receiving and making use of the erroneous transfer; and the court of common pleas very properly instructed the jury in effect that the plaintiff in receiving, examining and using the transfer, must exercise such care as ordinarily prudent persons are accustomed to exercise concerning that matter under the same or similar circumstances. In Railway Co. v. Reynolds, supra, it .appeared in an agreed statement of facts that the plaintiff was without fault in getting on the wrong train; but in this case, in the absence of the evidence, we cannot even conjecture what the jury might have found upon the issue, if the court had not practically directed a verdict for the defendant upon the theory which we have considered.
There is a degree of insistence in the argument for the plaintiff in error, that the record discloses a failure on the part of the plaintiff below, to make a statement or explanation of the facts to the conductor of the St. Clair street car; and that the plaintiff was thereby precluded from the right to recover. The bill of exceptions does not bring before us the evidence which was adduced on the trial; and for that reason we cannot determine whether the defendant in error, plaintiff below, did or did not make such a statement. Whether or not the making of such a statement is a necessary ingredient of the plaintiff’s right to recover for the tort, or whether or not the failure to make such a statement would constitute a complete defense to the action, are questions which are not without difficulty; but with the best consideration which we have been able to give the subject, we have not dis *232 covered any substantial reason, nor has any been stated to us, for adopting the affirmative proposition involved in either question. We can conceive, however, that a failure by the passenger to explain how he came into possession of the transfer and that he was without fault in getting on the car without a proper transfer, might under some circumstances, very much mitigate the damages; and we can conceive a condition of facts under which the making of such an explanation by the passenger would even tend to enhance the damages. That is as far as we feel inclined to go; and therefore the ■ failure to make such a statement or explanation, if there was any such failure, would not of itself justify a reversal of this judgment. The judgment is

Affirmed.

Shauck, C. J., Price, Crew, Summers and Spear, JJ., concur.